1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHY R. KRAM,<br><br>    Plaintiff,<br> v.<br><br>CHASE BANK, N.A.,<br><br>    Defendant. | Case No.: 12-cv-00759-LHK (PSG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF**<br><br>**(Re: Docket No. 15)** |

Defendant Chase Bank, N.A. ("Chase") moves to compel Plaintiff Kathy R. Kram

("Kram") to appear for a deposition and to produce documents. Because Kram filed no opposition

to Chase's motion, the court is prepared to rule without the oral argument previously scheduled for

tomorrow at 10:00 A.M.

## I. BACKGROUND

Kram, appearing *pro se*, alleges that Chase violated the Fair Credit Reporting Act, 15

U.S.C. § 1681, by improperly reporting her debts to credit reporting agencies. She claims that she

has never had a contractual relationship with Chase, rendering Chase's reports to the credit

agencies of an unpaid debt inaccurate. Chase disputes her claim and seeks discovery, through

1

Case No.: 12-0759 LHK (PSG)
ORDER

**United States District Court**
For the Northern District of California

1

2

Kram's deposition and production of documents, relating to an account allegedly in Kram's name

that had been charged off for non-payment.

3

4

5

6

7

8

According to Chase's motion, Kram's deposition was scheduled for August 28, 2012, but

on August 24, 2012, Kram notified Chase that she would not appear for the deposition.  She told

Chase that she would appear only if the deposition occurred at a neutral location and if she could

depose Chase's counsel.  She also indicated she would refuse to answer questions she did not think

were relevant to her allegations against Chase.

9

10

11

Because the deadline Judge Koh set to amend pleadings is October 1, 2012, Chase moves to

compel Kram to attend a deposition at its counsel's offices on or before September 24, 2012.

Chase also moves for attorneys' fees and costs for bringing this motion.

12

## II.  LEGAL STANDARDS

13

14

15

16

17

A party "may, by oral questions, depose any person, including a party, without leave of

court."[1]  Objections during the deposition must be noted, but "the examination still proceeds."[2]

Discovery of "any non-privileged matter that is relevant to any party's claim or defense" is

permissible.[3]

18

## III.  DISCUSSION

19

20

21

Chase seeks to depose Kram on an account in her name that Chase charged off for non-

payment.  The line of questioning Chase desires is relevant both to its defense against Kram's

claim that it erroneously reported that she had defaulted on her debt.

22

23

24

25

Kram has not filed an opposition to Chase's motion.  She has not claimed that the

information Chase seeks is irrelevant or privileged.  Because Chase's request is relevant to its

defenses and possible counterclaims, its motion to compel Kram's deposition is GRANTED.

26

[1] Fed. R. Civ. Proc. 30(a)

27

[2] *Id.* 30(c)

28

[3] *Id.* 26(b)

2

Case No.: 12-0759 LHK (PSG)
ORDER

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Chase also seeks attorneys' fees and costs under Rule 37(a)(5) for having to bring this motion to compel against Kram.  If a motion to compel is granted, a court must, after a hearing, "require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion."[4]  Circumstances that would make an award of expenses unjust excuse this requirement.[5]  Although this is a situation where Kram's conduct, rather than her inexperience with the law, has created the necessity for Chase's motion,[6] the court finds that imposition of the requested attorney's fees would be unjust because Kram did not have sufficient notice of the consequences she would face if she failed to cooperate.  The court notes, however, that Kram now has notice that future uncooperativeness may result in sanctions, up to and including dismissal of her claim.[7]  Chase's request for attorneys' fees and costs is DENIED.

IT IS HEREBY ORDERED that Kram will appear for a deposition on or before September 24, 2012, at a date and time set by Chase in accordance with the discovery limits set in the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Kram will produce documents as requested by Chase regarding any accounts she had with it.

**IT IS SO ORDERED.**

Dated: September 17, 2012

Pare S. Apende

PAUL S. GREWAL
United States Magistrate Judge

---

[4] Fed. R. Civ. Proc. 37(a)(5)

[5] *Id.*

[6] *See Roberts v. Norden Division*, Case No. 75 C 1101, 76 F.R.D. 75, at *81 (E.D.N.Y. July 30, 1977).

[7] *See* Fed. R. Civ. Proc. 37(b)(2).

3

Case No.: 12-0759 LHK (PSG)
ORDER